## SALINAS & SONS v. AULTMAN & CO.

1. APPEAL—SUPREME COURT.—An order by a Justice of this Court, refusing an injunction, is appealable.
2. IBID.—IBID.—INJUNCTION.—Wherever an appeal is taken to this Court from a substantial right denied, any of the Justices of this Court has the right, after *return* made, to stay further proceedings below.
3. CIRCUIT COURT—SUPREME COURT.—Sec. 402 of Code applies to Circuit Court and not to Supreme Court.
4. SERVICE OF NOTICE—INJUNCTION.—Notice of motion to enjoin master from selling lands, must not necessarily be served on adverse party. Service on master is sufficient.
5. SUPREME COURT—INJUNCTION.—A Justice of this Court is not compelled to require security upon granting restraining order.

The plaintiff, A. J. Salinas & Sons, commenced an action against C. Aultman & Co., and J. C. Klugh, as master of Abbeville County, for an injunction to restrain the master from selling certain lands. Application was made to Associate Justice Pope for a temporary restraining order. He granted a rule to show cause why same should not be granted, returnable on October 14, 1896. On October 16 he filed an order refusing the temporary injunction, because he had no jurisdiction. From this order the plaintiff appealed, and after return filed, applied again to Associate Justice Pope for an order restraining the master from making the sale pending the appeal. This he granted. The defendant then moved this Court to dismiss this appeal and to dissolve the restraining order, on the following grounds:

I. Because the complaint in the said case shows upon its face that it does not state any facts sufficient to constitute a cause of action against the defendants.

II. Because the Constitution of the State of South Carolina evidently intended that Justices of the Supreme Court shall have power to grant orders of injunction only in cases pending in the Supreme Court, and there can not, in the nature of things, be an appeal allowed from an order of an Associate Justice of the Supreme Court, either granting or refusing an order of injunction.

III. Because to allow an appeal from an order refusing to grant an interlocutory order of injunction, and then to hold that an Associate Justice of the Supreme Court has the right, pending such appeal, to grant a restraining order on the ground that such appeal is pending in the Supreme Court, would in effect allow the plaintiffs in this action to accomplish by indirection that which his Honor, Associate Justice Y. J. Pope, has held, and properly held, cannot be accomplished directly.

IV. Because the said order was granted without notice to the defendants.

V. Because the original order and the papers on which it was granted were never served upon the defendants.

VI. Because no papers in the said case were served upon the defendant, C. Aultman & Co.

VII. Because his Honor, Associate Justice Y. J. Pope, had no jurisdiction to grant the said order, and the same is absolutely null and void.

VIII. Because the said order was not served upon the defendant, J. C. Klugh, as master for Abbeville County, until five days after the same was rendered, and no time was fixed in the said order for the service thereof.

IX. Because no appeal to the Supreme Court lies from an order refusing a motion for an interlocutory injunction.

X. Because his Honor had no right to grant an order restraining a sale, which was to be made in an action in which the plaintiffs had prevailed, at the instance of the plaintiffs.

XI. Because his Honor, Associate Justice Y. J. Pope, had no right to grant the said restraining order without requiring security from the plaintiffs to pay all damages that might result to the defendants by reason of granting the said order.

XII. Because the said order is in all respects null and void. The said motion will be made upon all the pleadings and proceedings in the said case, and upon the affidavit hereto attached.

*Messrs. Graydon & Graydon*, for the motion.

*Messrs. Frank B. Gary* and *S. C. Cason*, contra.

April 19, 1897. The opinion of the Court was delivered by
J<small>UDGE</small> W<small>ATTS</small>, A. A. J. This is a motion to dismiss an
appeal from an order of Mr. Associate Justice Pope, and to
dissolve the restraining order made by him in the above
cause on November 30, 1896; said motion is based upon
the pleadings in the case and affidavit of J. C. Klugh, Esq.
It seems from the pleadings herein that the original suit
was commenced on September 26, 1896, for injunction. J.
C. Klugh, as master of Abbeville County, had advertised a
certain tract of land, described in the complaint, for sale on
salesday in October, 1896. On the 24th day of September,
1896, Mr. Associate Justice Pope granted an order requir-
ing the defendants to show cause before him on October
14, 1896, why a preliminary order of injunction should not
be granted, and the defendants restrained in the meanwhile
from proceeding to sell. Upon the hearing, Justice Pope
vacated the restraining order, and decided that he had no
jurisdiction to grant an injunction in the case; from this
order an appeal was taken by the plaintiffs, appellants, and
pending said appeal, and after proper return had been made
and filed in this Court, the order appealed from was made
by Mr. Justice Pope. The motion to dismiss appeal is
made on different grounds, and should be set out in the re-
port of the case.

It is the settled and established practice of this Court not
to dismiss on motion any appeal that has apparently any
merit in it at all, but to suspend the determination
of it until the case can be heard on its merits on ap-
peal. It has been established and decided that where
a substantial right has been denied any one, an appeal will
lie to this Court. *Blakely & Copeland* v. *Frazier*, 11 S. C.,
page 122. And surely no one will deny that, if Justice
Pope was authorized by law, as an Associate Justice of the

Supreme Court of this State, to grant injunctions at chambers, then these plaintiffs, appellants, had the right to apply to him for one, and upon his holding that he was without jurisdiction to grant the same, then that was a denial of a substantial right, and appealable. This question involves a grave constitutional question, and, of course, would not be considered on a motion of this kind. Wherever an appeal is taken to this Court from a substantial right denied, any of the Justices of this Court has the right, after return made, to stay, by order, further proceedings in the case. This, we think, disposes of grounds 1, 2, 3, 7, 9, 10, and 12 of the notice.

As to the fourth ground, "Because said order was granted without notice to the defendants." This only applies to Circuit Judges and practice of Circuit Court. Section 402 of Code, subdivision 6, applies to Circuit Court and not to Supreme Court.

As to the grounds that no papers were served upon the defendants, Aultman & Co., we do not think that was absolutely necessary; as enjoining the sale was what plaintiffs desired, and that was accomplished by serving master, and we do not think order should be dissolved on that ground.

As to the failure to require security from plaintiffs, this was a matter entirely for the discretion of the Justice before whom application was made; and while we think in most cases security ought to be required, yet, we think, that can be safely left to the wise discretion of the Justice at all times to protect all parties; and even if he neglects to require it, application can at all times be made upon notice to other side to require it. In this case, the discretion of the Judge has not been abused.

The judgment of the Court is, that the motion to dismiss appeal and to dissolve injuction is refused.